IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| **ENDURACARE THERAPY MANAGEMENT, INC.,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**CORNERSTONE HEALTHCARE OF ILLINOIS, INC. a/k/a WHITE COUNTY MEDICAL CENTER,** *et al.***,**<br><br>**Defendants.** | CASE NO. 4:05-cv-04112-JPG<br><br>JUDGE J. PHIL GILBERT<br><br>Magistrate Judge Donald G. Wilkerson |

## MEMORANDUM AND ORDER

This cause came on to be heard upon Plaintiff EnduraCare Therapy Management, Inc.'s ("EnduraCare") Motion for Default Judgment against Defendant Cornerstone Healthcare of Illinois, Inc. a/k/a White County Medical Center (Doc. 23).  EnduraCare requests damages in the amount of $321,933.85, the amount of damages sought in the Complaint, plus post-judgment interests and costs.  Upon due consideration, the Court finds that the Motion is well-taken and that Defendant Cornerstone Healthcare of Illinois, Inc. a/k/a White County Medical Center ("Defendant Cornerstone") has failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure, and that Defendant Cornerstone is therefore in default.  Accordingly, it is hereby ordered that the Motion (Doc. 23) is **GRANTED** and that judgment should be entered in favor of Plaintiff EnduraCare and against Defendant Cornerstone in the amount of $321,933.85 plus post-judgment interests and costs.

The Court declines, however, to enter judgment at this time. Because the claims against Defendant James R. Cheek are still pending, any judgment entered by the Court against

Defendant Cornerstone at this time must be pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving all claims against one party. *See National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986). Rule 54(b) states:

> **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In determining whether to grant judgment under Rule 54(b) the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987). In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see ODC Comm. Corp. v. Wenruth Investments*, 826 F.2d 509, 512 (7th Cir. 1987).

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin*, 823 F.2d at 1065. However, district courts are not to utilize Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1989). Ordinarily, a default judgment should not be entered against one defendant until the matter has been resolved as to all defendants. *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)).

In this case, it appears that Plaintiff EnduraCare's claims against each defendant are not separable from those against the other defendant. The Complaint alleges that both defendants committed the same acts that support the causes of action pled. The Court now has under advisement a motion for summary judgment on the claims against Defendant Cheek that seeks to resolve those claims. However, until those claims are resolved, the Court declines to enter a Rule 54(b) judgment and **DIRECTS** the Clerk of Court to enter judgment in accordance with this order at the close of the case after resolution of all claims against all defendants.

**IT IS SO ORDERED.**
**Date: November 28, 2005**

                                              s/ J. Phil Gilbert
                                              **United States District Judge J. Phil Gilbert**