UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENDURACARE THERAPY MANAGEMENT, INC. ) ) ) | |
| VS. ) | NO. 05-cv-4112-JPG |
| ) CORNERSTONE HEALTHCARE ) OF ILLINOIS, INC., ) a/k/a WHITE COUNTY ) MEDICAL CENTER, et al. ) | |

**MEMORANDUM AND ORDER**

This cause comes before the Court on the Court's April 13, 2006, order to show cause (Doc. 27). The Court also considers Cheek's motion for leave to file a response to plaintiff EnduraCare Therapy Management, Inc.'s ("EnduraCare") motion for partial summary judgment (Doc. 28), to which EnduraCare has responded (Doc. 30), and EnduraCare's motion to strike (Doc. 32) a purported response to the motion for summary judgment (Doc. 31).

**I.      Order to Show Cause (Doc. 27)**

On October 31, 2005, EnduraCare filed a motion for partial summary judgment seeking judgment on counts one, two and three against defendant James R. Cheek ("Cheek"). In its April 13 order to show cause, the Court noted that Cheek had not responded to the motion and ordered Cheek to show cause why the Court should not construe his failure to timely respond to EnduraCare's motion for partial summary judgment as an admission of the merits of the motion pursuant to Local Rule 7.1(c) and enter judgment in favor of EnduraCare and against Cheek on counts 1, 2 and 3.

Cheek responded to the order to show cause (Doc. 29) stating that his counsel, Christopher Heid ("Heid"), did not receive EnduraCare's motion for partial summary judgment or any of the Court's orders, all of which were transmitted to him via the Court's Electronic Filing System ("ECF"), because his e-mail system filed them in the "junk mail" section of his e-mail box and deleted them the day after they were received. Heid did not become aware of this problem until he fortuitously checked

his "junk mail" folder on April 14, 2006, which still contained the Court's April 13 order to show cause.  Five days later, he filed his timely response to the order to show cause (Doc. 29), along with a motion for leave to file a response to the motion for summary judgment (Doc. 28).  Heid has assured the Court that he has corrected his e-mail settings to ensure that he receives electronic transmissions sent via ECF.

The Court finds that Cheek's failure to respond to EnduraCare's motion for partial summary judgment should not be construed as an admission of the merits of the motion.  Although Heid has been delinquent in responding, his current filings indicate that Cheek does, in theory at least, contest the basis for summary judgment.  There is no evidence that Heid purposefully ignored his responsibility to file a timely response or otherwise acted in bad faith.  Instead, it appears that the plaintiffs' failure to receive and respond to the Court's orders was caused by an inadvertent glitch in Heid's e-mail system.  The Court notes that this is only the third case in which Heid has appeared in the Southern District of Illinois since the implementation of the ECF system in January 2004.[1]  The district's adoption of the ECF system invariably makes an attorney's first appearances here challenging, to say the least.  Thus, the Court has some sympathy with Heid's technical deficiencies.  All things considered, the Court believes that Heid's neglect does not warrant presuming that Cheek's failure to respond admits the merits of EnduraCare's summary judgment motion.  The order to show cause (Doc. 27) is **DISCHARGED** and the Court declines to deem the merits of the summary judgment motion admitted by Cheek's failure to respond to the motion.

Before moving to the next motion, the Court must say that it is profoundly disappointed with Heid's failure to ready himself for the ECF system.  The Court **WARNS** Heid that in the future it will

---

[1]In one case, *Wheeler v. Maier*, 03-cv-4046-PMF, summary judgment was granted for the defendants based on Heid's client's failure to respond to a motion for summary judgment.  The other case, *United States v. Tim O. Bowen*, 05-cr-40052-JPG, remains pending.

not be so forgiving of his failure to comply strictly with the Court's rules in this case and in any other case in which he appears as counsel. By appearing on behalf of a litigant in this district, an attorney assumes a responsibility to become familiar with and abide by the rules that apply in this district, including the Local Rules and the ECF Rules. Heid must learn to shoulder that responsibility or must decline to practice before this Court. Assistance with the ECF system and Court rules can be found at the Court's website: http://www.ilsd.uscourts.gov.

**II.     Motion for Leave to File Response (Doc. 28)**

Cheek asks the Court for leave to file a belated response to EnduraCare's motion for summary judgment. He has not, however, offered sufficient reasons to justify allowing such a late response.

Heid's problems receiving documents from the Court does not excuse the five-month delinquency in responding to the motion. It is apparent from an e-mail Heid sent to one of Magistrate Judge Donald G. Wilkerson's law clerks on October 29, 2005, (Doc. 24, Ex. C) that he was aware at that time that he was not receiving filings made through ECF. In that e-mail, he indicated that he had received a proposed order from EnduraCare's counsel submitting a proposed order to the Court granting a motion for default judgment. Heid indicated that he had never received the motion for default judgment.[2] However, instead of investigating his e-mail settings to determine whether it was properly receiving electronically filed documents, instituting a policy of periodically checking the docket sheet manually to ensure that he kept abreast of the latest filings, contacting opposing counsel to inquire about the motion for default judgment or taking other prompt action to remedy an obvious

---

[2]Although Heid does not mention it in his motion, the law clerk in question responded to Heid's e-mail on October 31, 2005, by e-mailing him the following message: "Mr. Heid, I can only suggest that you check the docket sheet in this case and file whatever motion or response you believe is appropriate." This message was inadvertently sent only to Heid and not to others to whom Heid's original e-mail was sent. In retrospect, the Court acknowledges that it should have sent the message to all parties involved in this litigation and sincerely apologizes for any problems this *ex parte* communication may have caused.

3

deficiency, Heid did nothing other than e-mail a law clerk. This is not sufficiently diligent remedial action to justify allowing Cheek to respond to a motion six months later.

Furthermore, although Cheek states in his motion that there are material issues in dispute concerning the defendants' liability and the amount of damages, he does not give any hint as to what those disputes are. Indeed, in light of his failure to respond to EnduraCare's requests for admissions, which conclusively establishes the requested admissions pursuant to Federal Rule of Civil Procedure 36(b), the Court cannot conceive of what the disputed issues may be.[3] Thus, it appears that allowing Cheek to file a response to the EnduraCare's motion five months beyond the deadline would be an exercise in futility and would only serve to delay this litigation even further.

For these reasons, the Court **DENIES** the motion for leave to file a response to EnduraCare's motion for summary judgment (Doc. 28) and will consider the merits of the motion absent briefing from Cheek.

**III.     Motion to Strike (Doc. 32) Response to Motion for Partial Summary Judgment (Doc. 31)**

The defendants have filed a document that purports to be a response to EnduraCare's motion for partial summary judgment (Doc. 31) when in fact it is a request to reinstate the answer filed by defendant Cornerstone Healthcare of Illinois, Inc. ("Cornerstone"). EnduraCare asks the Court to strike that document because the Court has not granted the defendants' leave to file an untimely response to the summary judgment motion and the purported response does not address any of the issues raised by EnduraCare's motion.

The Court further notes that Cheek has not properly docketed its filing, which is entered on the docket sheet as a "Reply to Response to Motion." Neither the substance of the motion nor its caption ("Response to the Motion for Partial Summary Judgment") correspond to the title Cheek gave the

---

[3] By separate order, the Court is allowing Cheek to respond in a fashion to one issue that remains unanswered by the pending summary judgment motion.

filing on the docket sheet. This is required by page 13 of the ECF User's Manual (April 2004 ed.).[4]

For all of the foregoing reasons, the Court **GRANTS** EnduraCare's motion to strike (Doc. 32) and **STRIKES** the defendants' purported response (Doc. 31).

To the extent that the motion could be construed as a motion to vacate default judgment against Cornerstone, the Court would deny it because it does not address any of the issues relevant to the decision whether to vacate default or default judgment.

## IV.   Summary

For the foregoing reasons, the Court:

- **DISCHARGES** the order to show cause (Doc. 27) and declines to deem the merits of the summary judgment motion admitted;

- **WARNS** Heid the Court wil demand strict compliance with the Court's rules in this case and in any other case in which he appears as counsel;

- **DENIES** the motion for leave to file a response to EnduraCare's motion for summary judgment (Doc. 28);

- **GRANTS** EnduraCare's motion to strike (Doc. 32); and

- **STRIKES** the defendants' purported response (Doc. 31).

**IT IS SO ORDERED.**
**DATED:  May 22, 2006**

                                                s/ J. Phil Gilbert
                                                **JUDGE**

---

[4] After Cheek filed his purported response, the Court adopted a newer version of the ECF Manual, which supersedes the April 2004 version.