IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENDURACARE THERAPY MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CORNERSTONE HEALTHCARE OF ILLINOIS, INC. a/k/a WHITE COUNTY MEDICAL CENTER, *et al.*, <br><br> Defendants. | CASE NO. 4:05-cv-04112-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant James R. Cheek's ("Cheek") motion to withdraw admissions and substitute responses to plaintiff EnduraCare Therapy Management's ("EnduraCare") requests to admit (Doc. 52). EnduraCare has responded to the motion (Doc. 56), and Cheek has replied to that response (Doc. 57). The Court also considers EnduraCare's motion for partial summary judgment (Doc. 24) and its supplemental briefing (Docs. 35, 53 & 55).

**I.     Background**

The discovery matters at issue in this motion began on September 23, 2005, when EnduraCare served Cheek with requests for admissions pursuant to Federal Rule of Civil Procedure 36(a). Cheek had 30 days from service to respond, *see* Fed. R. Civ. P. 36(a), plus three additional days to account for service of the requests by mail, *see* Fed. R. Civ. P. 6(e), so his responses were due October 26, 2005. Cheek did not respond in a timely manner or obtain an extension of time, so the matters in the requests were "conclusively established." *See* Fed. R. Civ. P. 36(b). Based in great part on those admissions, EnduraCare filed a motion for partial summary judgment on October 31, 2005. Several weeks later, on November 16, 2005, Cheek signed his responses to the requests for admissions, and on November 21, 2005, served them on EnduraCare. Cheek did not seek at that time to withdraw his default admissions under Rule 36(b), nor did he respond to EnduraCare's motion for partial summary judgment.

On April 13, 2006, the Court issued a rule to show cause why Cheek's failure to respond to the motion for partial summary judgment should not be construed as an admission of the merits of the motion. At this point, Cheek realized that he had not adequately prepared his electronic mail system to accommodate notices and service of documents via the Court's Electronic Filing system ("ECF") and asked for leave to file a late response to the motion. He did not request leave to withdraw his default admissions at that time. On May 22, 2006, the Court denied Cheek's motion for leave to file a late response, noting that he had been aware of problems receiving notices via ECF as early as October 29, 2005, and that he had neglected to heed the Court's advice to check the docket sheet to make sure he was informed as to critical events in the case. The Court did not, however, construe Cheek's failure to respond as an admission of the merits of the motion, and it allowed him to contribute toward supplemental briefing on two specific issues.

Soon after the Court's request for further briefing, Cheek obtained new counsel, who, on July 7, 2006, requested that the default admissions be withdrawn and that Cheek be allowed to respond to the requests for admission.

**II.     Motion to Withdraw Admissions**

To the extent that Cheek's motion requests the Court to reconsider the findings it made and conclusions it drew in its May 22, 2006, order, the Court construes the motion as a motion for relief from an order pursuant to Federal Rule of Civil Procedure 60(b). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment or

an order for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993). Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b). *McCormick*, 230 F.3d at 327.

In seeking to escape the effects of his default admissions, Cheek presents only arguments that could and should have been raised before the Court made its May 22, 2006, ruling. Rule 60(b) will not give him a second bite at the apple to change what has now become "the law of the case." For this reason, the Court will deny Cheek's motion to the extent that it seeks to alter the findings in the Court's May 22, 2006, order.

To the extent that Cheek's motion requests the Court to allow the withdrawal of his admissions for the purposes of deciding issues that remain in this case, the Court construes the motion to be pursuant to Federal Rule of Civil Procedure 36(b). Rule 36(b) provides in pertinent part:

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

The Court notes that numerous issues remain in this case: whether Cheek is liable for the damages established from the breaches of contract proved in Counts I and II and whether Cheek is liable for the claims in Counts III, IV, V and VI.

It appears from Cheek's proposed responses to EnduraCare's requests for admissions that he contests his personal liability for White County Medical Center's ("Medical Center") breaches of

contract. Allowing Cheek to withdraw his admissions establishing this liability would place the issue of responsibility for the corporate debt, and the other issues in this case, squarely before the Court and would allow for a decision on the merits.

Furthermore, EnduraCare has not established that allowing Cheek to withdraw his admissions would prejudice them in any significant way. The prejudice contemplated by Rule 36(b) "does not simply mean that the party who obtained the admissions will now have to argue the merits of the case. Rather, the prejudice must be based on the party's detrimental reliance on such admissions." *Paymaster Corp. v. California Checkwriter Co.*, No. 95 C 3646, 1996 WL 543322, at *2 (N. D. Ill. 1996); *accord Matthews v. Homecoming Fin. Network*, No. 03 C 3115, 2006 WL 2088194, *3 (N. D. Ill. 2006). It can also include prejudice to trial preparation or significant delay causing a party to forego discovery. *See Matthews*, 2006 WL 2088194, at *3.

In this case, EnduraCare alleges that it will be prejudiced by the delay caused by allowing Cheek to withdraw his admissions nearly nine months after his deadline to properly respond to the requests to admit. It asserts that as a consequence of this delay, discovery will have to be reopened and its recovery from defendant Cornerstone Healthcare of Illinois, Inc. ("Cornerstone"), which is no longer in operation, will be further delayed and endangered.

This is not sufficient prejudice to justify refusing to allow Cheek to withdraw his admissions. Discovery will not have to be *reopened*; because this case proceeded fairly quickly from the defendants' answer to the summary judgment stage, no scheduling and discovery order setting a discovery deadline was ever set. Thus, EnduraCare is not foreclosed by a deadline from obtaining the discovery it needs to prove its case. Furthermore, to the extent that EnduraCare believes it is running up against a deadline to execute a judgment on a dissolved corporation, it may ask the Court to reconsider its decision not to enter a Rule 54(b) judgment in light of this new information.

For these reasons, the Court will grant in part and deny in part Cheek's motion for leave to withdraw his admissions, leaving undisturbed the law of the case but allowing Cheek to withdraw the default admissions as they might apply to the remaining issues in the case.

### III.     Partial Summary Judgment

In the Court's May 22, 2006, order, the Court left open the question whether Cheek could be personally liable for the Medical Center's breaches of the agreement between EnduraCare and the Medical Center ("the Agreement") and of a repayment schedule for amounts due under the Agreement ("Payment Plan").  The Court directed the parties to submit further briefing on two issues, only one of which remains relevant in light of the Court's ruling allowing Cheek to withdraw his default admissions.

In response (Docs. 35 & 55), EnduraCare submitted evidence showing that the Medical Center and Cornerstone are one and the same;  Cornerstone is the official corporate name and is doing business as the Medical Center.  It reiterates that nothing in the Agreement indicates that Cornerstone is Cheek's true principal, but it points to no evidence demonstrating it was ignorant of Cheek's principal's true identity.

On the other side (Doc. 53), Cheek argues that genuine issues of fact remain about whether he signed the Agreement in his capacity as a representative of a disclosed principal or a partially disclosed principal.  It notes that EnduraCare has presented no evidence affirmatively establishing that it was unaware of Cornerstone as the true principal.  It further presents evidence from which a reasonable jury could infer that EnduraCare was aware that Cornerstone was Cheek's true principal.

The Court finds that EnduraCare has failed to carry its burden of establishing that there is no genuine issue of material fact regarding whether it knew Cornerstone was Cheek's principal when it signed the Agreement and the Payment Plan and of establishing that it is entitled to judgment as a

5

matter of law.  Accordingly, summary judgment on counts 1 and 2 is inappropriate.

IV.     **Conclusion**

For the foregoing reasons, the Court

- **GRANTS in part** and **DENIES in part** Cheek's motion for leave to withdraw his admissions (Doc. 52).  The motion is denied to the extent that it challenges the law of the case.  The motion is granted to the extent that it seeks to render Cheek's admissions inapplicable to the issues remaining to be decided in this case; and

- **GRANTS in part** and **DENIES in part** EnduraCare's motion for partial summary judgment (Doc. 24).  The motion is granted to the extent that it establishes the law of the case on certain findings and conclusions.  The motion is denied to the extent that it seeks judgment on Counts I, II and III.

The Court further **WARNS** the parties that it will tolerate no further undue delay in the progression of this case and strongly encourages them to work diligently on an ambitious discovery schedule so that this case can resume a path to timely resolution.  To this end, the Court **ORDERS** a telephone status conference to be held on November 9, 2006, at 9:00 a.m.

**IT IS SO ORDERED.**
**Date:  September 12, 2006**

s/ J. Phil Gilbert
**United States District Court Judge J. Phil Gilbert**